NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

CLAROSTAT MANUFACTURING COM-
PANY, Inc., Respondent.

No. 4838.

United States Court of Appeals
First Circuit.

Nov. 1, 1954.

Robert E. Greene, Chief Law Officer, First Region, Boston, Mass. (George J. Bott, General Counsel, David P. Findling, Associate General Counsel, A. Norman Somers, Asst. General Counsel, and Elizabeth W. Weston and Melvin Spaeth, Attorneys, Washington, D. C., on brief), for petitioner.

Stanley Geller, New York City (Arthur Richenthal and Herbert L. Ortner, New York City, on brief), for respondent.

WOODBURY, Circuit Judge.

This petition for enforcement of an order of the National Labor Relations Board raises the question of the Board's power to require the respondent to bargain collectively with International Union of Electrical, Radio and Machine Workers, CIO, Local 242, as the exclusive representative of the "inspectors who work on the floor in production areas and the production control clerks" employed in the respondent's Dover, New Hampshire plant. The question arises as a result of the following actions and proceedings of the Board.[1]

In June 1951, the Union filed a petition with the Board for certification as the bargaining representative of a unit of the respondent's employees consisting of "All factory production and clerical employees including inspectors, sweepers," but excluding "All executive and office clerical, superintendents, general foreman, foreman, supervisors as defined in the act." At the outset of a hearing on the petition before a hearing officer, however, counsel for the Union asked leave to amend the petition by striking the foregoing unit description altogether and substituting therefor the following: "All factory production, maintenance, and clerical employees" exclusive of "all executive and office clerical employees, superintendents, foremen and general foremen, engineers, inspectors in the engineering department, guards, and supervisors as defined in the Act." Counsel for the respondent did not object to the offered amendment but suggested the change of one word. He said that the exclusion clause should read "inspectors of" instead of "inspectors in." Counsel for the Union acquiesced saying that he had no objection to the clause reading "inspectors of the engineering department," and both counsel thereupon stipulated that the unit described in the amendment as amended was an appropriate one for the purpose of collective bargaining.

In due course thereafter the Board ordered an election in the stipulated unit. The Union won the election by a substantial majority and early in 1952 the respondent entered into a collective bargaining agreement with the Union as the certified representative of that unit. Soon, however, a dispute arose between the respondent and the Union as to whether inspectors and production control clerks were included in the bargaining unit. The Union took the position that both groups of employees were in the unit, and the respondent refusing to agree, the Union in November filed a request with the Board for clarification of its certification to include, specifically, the employees in both the above categories. The Board issued an order to show cause why the Union's request for clarification should not be granted upon return of which the respondent filed a memorandum in opposition. In this memorandum the respondent took the position that the original certification so clearly excluded both classifications of employees that the request by the Union for "clarification" was not at all what it purported to be but was in reality a request for the determination by the Board of a new and different bargaining unit. Wherefore the respondent contended that the request for clarification should be summarily dismissed because under the Act a change in the composition of a bargaining unit could not be accomplished by the device of "clarification." But the respondent did not rest its opposition on this ground alone. It also contended that the classes of employees in question did not properly belong in the same unit with rank and file production and maintenance workers anyway. Wherefore the respondent, in addition to asking for summary dismissal of the Union's petition for clarification, asked the Board in the alternative, if it "should seriously consider that its

---

1. The facts essential for the Board's jurisdiction and for the jurisdiction of this court are stipulated.

original certification does need" clarification, to hold "the same kind of hearing that is afforded to parties to a representation proceeding on the question of the appropriate bargaining unit prior to a Board election."

The Board, after considering the Union's request for clarification and the facts alleged in its support and the respondent's opposition thereto, entered an order reopening the record and remanding the proceeding to the regional director for further hearing. Pursuant to that order a hearing was held before a hearing officer at which all parties appeared and were allowed fully to participate. As a result of that hearing the Board, affirming the hearing officer, entered an order amending the certification previously issued so as specifically to include in the certified unit "inspectors who work on the floor in production areas and the production control clerks" as requested by the Union.

Nevertheless the respondent still refused to recognize the Union as the bargaining representative of the two classes of employees in dispute. As a result the Union filed charges of unfair labor practices in violation of § 8(a) (1) and (5) of the Act, and the usual proceedings under § 10 of the Act followed. At those proceedings the respondent did not deny its refusal to bargain as charged, but rested its entire defense on the invalidity of the Board's order clarifying the unit by including the disputed classes of employees therein. The trial examiner held for the Union and the Board affirmed and entered the order which it now asks us to enforce.

The respondent's basic contention still is that the Board's original unit determination so definitely excluded inspectors and production control clerks that there was no room for clarification. Wherefore it says that what the Board really did under the cloak of clarification was in fact to reverse its original determination and make a new one. And it says that whatever the Board's powers may have been under the Wagner Act, see Inland Empire District Council, Lumber and Sawmill Workers Union v. Millis, 1945, 325 U.S. 697, 65 S.Ct. 1316, 89 L. Ed. 1877, it has no power under § 9(c) of the Act as it now stands after the Taft-Hartley amendments to make a new unit determination without holding a new election. We cannot accept the respondent's major premise.

Production control clerks were not specifically mentioned in the Union's original petition for certification or in the amendment thereto offered and agreed to at the hearing on that petition. So far as the record discloses, their status was not discussed or even thought of at the hearing. The same is not true, however, with respect to inspectors. They were specifically mentioned and clearly included in the unit described by the Union in its original petition for certification. But, the respondent says, they were just as clearly excluded from the unit by the amendment made by the Union to its petition at the hearing.

The respondent's argument rests upon the substitution at its counsel's suggestion of "of" for "in" in the amendment to the unit description offered by counsel for the Union at the outset of the representation proceeding, which at that time was agreed to by counsel, accepted by the hearing officer, and later adopted by the Board. It says that as the respondent's plant was organized, there were no inspectors who worked in the physical sense "in the engineering department" but that all of its inspectors as an organizational matter were attached to and formed a part "of the engineering department." Wherefore it is said that the description of inspectors in the Union's petition for certification as originally amended by the Union was meaningless because it did not fit any employee group in the respondent's plant. But it says that by substituting "of" for "in" at the suggestion of the respondent's counsel all inspectors were described in the exclusion clause and thus by mutual agreement were left out of the bargaining unit.

■ The amended unit description and the substitution of one word for another therein was agreed to after discussion off the record. We therefore do not know exactly what was in the minds of counsel or the hearing officer at the time. Nevertheless, the respondent's argument has force. It is greatly weakened, however, by subsequent events, for not only were inspectors and production control clerks included in the list of employees eligible to vote and allowed without objection by the respondent to vote in the election, but also, in carrying out the seniority provisions of the collective bargaining agreement entered into after the election, the respondent posted seniority lists for both inspectors and production control clerks. The respondent seeks to minimize the effect of those actions by attributing them to mistake. But they are certainly enough to warrant the Board's conclusion that the Union's petition for clarification ought to be taken seriously, and, taking the petition seriously, the Board's procedure was fair and appropriate to the end of clarification. The procedure adopted cannot for a moment be said to be outside the broad scope allowed the Board in such matters. See Inland Empire District Council, Lumber and Sawmill Workers Union v. Millis, 1945, 325 U.S. 697, 706, 65 S.Ct. 1316, 1321, 89 L.Ed. 1877, wherein it is said that obviously the Act contemplated that the Board should have "great latitude concerning procedural details". Indeed, the procedure adopted by the Board was the procedure requested by the respondent in the prayer for alternative relief in its memorandum in opposition to the Board's order to show cause why the Union's petition for clarification ought not to be granted.

■■ Nor did the Board exceed its powers in including both employee groups in the bargaining unit. High ranking inspectors are, of course, automatically excluded as supervisory or professional employees. The others appear to have been recruited for the most part from rank and file production employees; they work side by side with ordinary production workers and receive only slightly higher pay, and they qualify for inspection work after only a few hours, or at the most days, of on-the-job training. Under these circumstances the Board clearly did not exceed its powers in including them in the bargaining unit. Not quite the same can be said of production control clerks, however, because on the whole they are better educated, receive substantially higher pay and have more responsibility than rank and file production workers, and qualify for their work only after much longer training and experience. Nevertheless they work at desks in production areas of the plant, not in the administrative office, and so cannot be said to fall clearly into the excluded class of "office clerical" employees. They might or might not be considered suitable members of a unit consisting primarily of production and maintenance workers, but taking the record as a whole we are not prepared to go a step further and say that the Board exceeded its broad discretionary power by including them in the unit which it administratively determined to be appropriate for the purpose of collective bargaining.

A decree will be entered enforcing the order of the Board.